UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ARTEAGA PHOTOS, LTD.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 4:24-cv-01664-CMS |
| ) | |
| **ROBERT HONZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss of Defendant Jordan Parnass Digital Architecture, LLC, (Doc. 28). For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

According to the Complaint of Plaintiff Arteaga Photos, Ltd., (Doc. 1), Defendant Valley Capital LLC, d/b/a/ Gateway BMW Motorcycles ("Gateway"), operates a motorcycle dealership. (Doc. 1 at 4). Plaintiff alleges that Defendants Blue Mavi, Inc., d/b/a The Designery, and Jordan Parnass Digital Architecture, LLC, ("Digital Architecture") participated in designing Gateway's showroom and promoted and sold a wall-sized reproduction of a photograph belonging to Plaintiff for display in the showroom. *Id.* Plaintiff alleges that Gateway continues to display the photograph in its showroom. *Id.*

The photograph in question depicts the partially completed Gateway Arch monument ("the Work"). (Doc. 1 at 3). Plaintiff alleges the photograph was taken on

1

October 28, 1965, by Robert F. Arteaga. *Id.* Robert Arteaga did business as a sole proprietor under the name of Arteaga Photos. *Id.* In 1973, Robert Arteaga sold all his assets and rights in Arteaga Photos to his sons, Wayne and Eldon Arteaga. *Id.* Wayne and Eldon then created Arteaga Photos, Ltd., as an entity to own the assets and rights sold to them by their father. *Id.* Plaintiff Arteaga Photos, Ltd., alleges it "is the sole owner of all rights, titles, and interest in, and to, the copyright for the Work." (Doc. 1 at 4).

Attached to Defendant's Memorandum in Support of its Motion to Dismiss, (Doc. 29), is a Certificate of Registration, (Doc. 29, Ex. A). The Certificate lists "Arteaga Photos, Ltd." as the "Copyright claimant" and the refers to that "Organization Name" as having "Rights and Permissions." *Id.* The effective date of registration is November 27, 2009, and the date of first publication is identified as October 7, 2009. *Id.*

Plaintiff filed the instant action in this Court on December 9, 2024. (Doc. 1). In its Complaint, Plaintiff brings one count alleging the Defendants violated its copyright in the Work under 17 U.S.C. § 501 and requesting damages for copyright infringement. (Doc. 1 at 5). Section 501(b) provides: "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."

Defendant Digital Architecture filed its Motion to Dismiss under Rules 12(b)(1) and 12(b)(6). (Doc. 29).

## LEGAL STANDARDS
### Fed. R. Civ. P. 12(b)(1)

Defendant Digital Architecture moves the Court to dismiss Plaintiff's Complaint under Rule 12(b)(1) because Plaintiff fails to allege any facts to suggest it has standing as a legal or beneficial owner of the copyright to the Work, and because Plaintiff fails to allege any facts to suggest the Work was not a "work for hire" (Doc. 29 at 6, 10).

"'Article III standing must be decided first by the court and presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim.'" *Schumacher v. SC Data Ctr., Inc.*, 912 F.3d 1104, 1105 (8th Cir. 2019) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012)). The United States Supreme Court instructs "that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61).

Defendant's argument that Plaintiff lacks standing is aimed at the first element: whether Plaintiff has adequately alleged an injury in fact. (Doc. 29 at 6). This turns on the question of whether Plaintiff has adequately alleged that it owns the Work. *Id.* If Plaintiff does not own the Work, Defendant argues, it could not have suffered an injury from Defendant's use of the Work. (Doc. 29 at 9–10).

Preliminarily, to decide what standard to apply in reviewing Defendant's Motion, this Court must decide whether Defendant makes a facial or factual challenge to Plaintiff's standing and this Court's subject matter jurisdiction. A factual challenge under

3

Rule 12(b)(1) challenges "'the existence of subject matter jurisdiction . . . in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

A facial challenge, on the other hand, is restricted to the face of the pleading, and "'the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Id.* at 914 (quoting *Menchaca*, 613 F.2d at 511). If the challenge is facial, the plaintiff's pleadings are accepted as true, as they would be in the context of a Rule 12(b)(6) motion. *See id.* at 914 (quoting *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)).

As described above, Defendant argues that Plaintiff fails to allege any facts to suggest it has standing as a legal or beneficial owner of the copyright to the Work, and that Plaintiff fails to allege any facts to suggest the Work was not a work for hire (Doc. 29 at 6, 10). These obviously are facial challenges, and do not attack the validity of the facts alleged in the Complaint. Indeed, Defendant refers to its own Rule 12(b)(1) motion as a facial challenge. *See* (Doc. 29 at 5).

Thus, this Court may review only the face of the pleading and will accept Plaintiff's factual statements as true, as it would pursuant to Rule 12(b)(6). *See Branson Label, Inc.*, 793 F.3d at 914–15 (quoting *Osborn* , 918 F.2d at 729 n. 6).

### Fed. R. Civ. P. 12(b)(6)

4

Defendant also moves the Court to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). *See* (Doc. 29 at 9–10). To properly state a copyright infringement claim, Plaintiff must plead two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns., Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also MPAY Inc. v. Erie Custom Comput. Applications, Inc.*, 970 F.3d 1010, 1016 (8th Cir. 2020).

The only element challenged in Defendant's Motion to Dismiss is Plaintiff's ownership of the copyright. Defendant repeats the same arguments as in its Rule 12(b)(1) motion: Plaintiff fails to allege any facts to suggest it has standing as a legal or beneficial owner of the copyright to the Work, and Plaintiff fails to allege any facts to suggest the Work was not a work for hire (Doc. 29 at 6, 10).

For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the

5

Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). The court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Because the same legal standard applies to Defendant's Rule 12(b)(1) and 12(b)(6) motions, and Plaintiff makes the same legal arguments in both motions, the Court considers them together.

### Plaintiff Adequately Pled Ownership of the Copyright.

Defendant challenges the adequacy of Plaintiff's allegations of ownership of the copyright. Defendant first suggests that Plaintiff did not adequately allege a chain of title providing it with ownership, (Doc. 29 at 8–9), and argues more generally that "Plaintiff alleges no facts to suggest an ownership interest in the copyright to the photograph." (Doc. 29 at 9).

Plaintiff's Complaint plainly states: Robert Arteaga was the original photographer; Robert Arteaga "did business as a sole proprietor under the trade name Arteaga Photos"; Robert Arteaga transferred all the assets and rights of Arteaga Photos, including the Work, to Wayne and Eldon Arteaga in 1973; and "Wayne and Eldon Arteaga created Arteaga Photos, LTD as the legal entity to own th[ose] assets and rights." (Doc. 1 at 3). The Complaint additionally alleges, "Arteaga Photos LTD. is the sole owner of all rights, titles, and interest in, and to, the copyright for the Work" and "Arteaga Photos LTD. remains the owner of the registered Work." (Doc. 1 at 4).

6

Defendant nonetheless points out that the Complaint does not specify that the Arteaga brothers in fact *transferred* the assets and rights to the Work to Arteaga Photos, Ltd., after they received the assets and rights and created Arteaga Photos, Ltd., for the express purpose of owning those assets and rights. (Doc. 29 at 9). Defendant slices the allegations of the chain of title a bit thin. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," and the Complaint goes on to plainly allege that Arteaga Photos, Ltd., is the sole owner of the copyright and remains the owner of the registered Work. Plaintiff need only plead ownership of the copyright, *Feist*, 499 U.S. at 361; *MPAY*, 970 F.3d at 1016, and these are factual allegations of ownership that the Court must accept as true, *see Stodghill*, 512 F.3d at 476.

Even if Plaintiff had not otherwise adequately pled ownership, the Certificate of Registration is adequate to meet a facial challenge under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6). Plaintiff's Complaint references the Certificate of Registration (Doc. 1 at 4). In its Motion to Dismiss, Defendant does not question the authenticity of the Certificate (Doc. 29 at 13), and even attaches the Certificate to its Memorandum in Support (Doc. 29, Ex. A).

"'Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.'" *R&R Propane, LLC v. Tiger Payment Solutions,* LLC, 756 F.Supp.3d 734, 738 n. 2 (E.D. Mo. 2024) (quoting *Ashtanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). "Documents necessarily embraced by the pleadings

7

include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id.* (quoting *Ashtanti*, 666 F.3d at 1151). The Certificate is necessarily embraced by the pleadings and also is attached to the pleadings.

"In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410. Here, the Certificate was registered on November 27, 2009, within five years after the first publication of the Work on October 7, 2006. (Doc. 29, Ex. A). Therefore, it is *prima facie* evidence of the facts, including ownership, stated therein. *See Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F.Supp.3d 898, 905 (E.D. Mo. 2015).

In sum, Plaintiff's allegations of ownership "contain sufficient factual matter, accepted as true," *Ashcroft*, 556 U.S. at 678, to support Plaintiff's ownership of the Work and an injury in fact to, and standing of, Plaintiff to bring this lawsuit, *see Spokeo, Inc.*, 578 U.S. at 338.

### Plaintiff Need Not Allege That the Work Was Not a Work for Hire.

Defendant's second argument, that the Complaint fails to deny that the Work was a "work for hire," is legally meaningless and does not change the outcome here.

Central to this point is the Certificate of Registration attached to Defendant's Memorandum in Support. (Doc. 29, Ex. A). The Certificate identifies the "Author" and "Copyright claimant" of the Work as "Arteaga Photos, Ltd.," and states that "Rights and Permissions" belong to "Arteaga Photos, Ltd." (Doc. 29, Ex. A). Defendant, nevertheless,

8

disputes Plaintiff's ownership of the Work because the "Authorship" section of the Certificate listing "Arteaga Photos, Ltd." as the author also is marked "Yes" regarding whether the "Work was made for hire." *Id.*; (Doc. 29 at 12).

Defendant argues that the "Work was made for hire" designation on the Certificate means that Arteaga Photos must have created the Work for someone else – the actual owner – who hired Robert Arteaga. (Doc. 29 at 13). Defendant cites 17 U.S.C. § 201(b): "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author . . . , and . . . owns all of the rights comprised by the copyright." (Doc. 28 at 5). Plaintiff responds that the "work for hire" designation is "inaccurate" and "erroneous" and should be disregarded by the Court. (Doc. 32 at 7–8).

In the circumstances presented here, the "work for hire" designation on the Certificate is irrelevant to Plaintiff's ownership of the copyright as a matter of law. For example, in *Capitol Records, Inc. v. MP3 Tunes, LLC*, 821 F. Supp.2d 627, 633 (S.D.N.Y. 2011), plaintiff EMI, Inc., sued defendant MP3 Tunes, LLC, for copyright infringement. As part of its evidence of ownership of the works at issue, EMI produced similar certificates of registration listing EMI as the owner and registering EMI's copyrights as "works for hire." *Id.* at 646–47. Contrary to Defendant's argument here, that meant the works "were created by an employee [of EMI] within the scope of employment," not that EMI had been hired as an employee by someone else – the true owner of the copyright – to create the works. *Id.* at 647. The court cited 17 U.S.C. § 410(c) for the proposition that "facts stated within a valid registration are presumed true" and, thus, the defendant, not the plaintiff, bore the burden to prove "the works were not 'made for hire.'" *Capitol*

9

*Records*, 821 F. Supp. at 647. In other words, the defendant bore the burden to prove that the employees of EMI who created the works did so outside the scope of their employment and that, therefore, the employees, not EMI, were the true owners of the works. *Capitol Records*, 821 F. Supp. at 647.

Thus, Defendant's argument that the "work for hire" designation on the Certificate means that Robert Arteaga was hired by, and created the photograph at issue for, the true owner, (Doc. 29 at 12–13), flips the doctrine on its head. In fact, Defendant cites caselaw for precisely the opposite proposition that "work for hire" creates "'a presumption that the copyright belongs to the person at whose "instance and expense" the work was done.'" (Doc. 29 at 11) (quoting *Arthur Retlaw & Assocs., Inc. v. Travenol Labs., Inc.*, 582 F.Supp. 1010, 1013–14 (N.D. Ill. 1984)). The caselaw is not incorrect, Defendant's interpretation is. Pursuant to Section 201(b) and the caselaw, the fact that the Certificate states, erroneously or not, that the "Work was made for hire" means, at best for Defendant, that Arteaga Photos hired someone else to create the photograph and is *prima facie* evidence that Plaintiff is the owner of the photograph.

Thus, to plead a copyright infringement claim and its ownership of the Work, Plaintiff need not plead the Work was not a "work for hire," and its failure to do so is not a legal basis to dismiss the Complaint.

## CONCLUSION

Plaintiff adequately has pled its ownership of the copyright to the Work under 17 U.S.C. § 501. As a matter of law, whether the Work was a "work for hire" is not a basis to dismiss Plaintiff's complaint. Thus, Plaintiff also adequately has pled an injury in fact

10

from Defendant's use of the Work and standing to sue for that injury under Article III of the United States Constitution. *See Spokeo, Inc.*, 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560–61).

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss of Defendant Jordan Parnass Digital Architecture, LLC, (Doc. 22), is **DENIED**.

Dated this 19th day of December, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE